UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARLENE FRIAS, as Parent and Natural Guardian of A.F., et al.,

                Plaintiffs,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education, et al.,

                Defendants.

23-CV-5803 (JGLC)

**OPINION AND ORDER**

---

JESSICA G. L. CLARKE, United States District Judge:

Before the Court is Plaintiffs' Motion for Declaratory Judgment and Pendency Order/Automatic Injunction, ECF No. 6, and Defendants' Motion to Dismiss and in Opposition to Plaintiffs' Motion for Declaratory Relief, ECF No. 14. For the reasons stated herein, Plaintiffs' motion is DENIED and Defendants' motion is GRANTED.

## BACKGROUND

This case is brought by parents of children who "suffer[] from a brain injury that adversely affects their educational abilities and performance." ECF No. 1 ("Compl.") ¶ 5. Each parent placed their children at the International Academy for the Brain ("iBRAIN") and bring this action under the Individuals with Disabilities Act ("IDEA"), seeking a decision that iBRAIN is an appropriate placement for their children during the 2023–2024 school year. *Id.* ¶ 12. In this action, they seek an order from the Court declaring iBRAIN as the "Pendency Placement/ Program . . . during the Pendency of all administrative and judicial proceedings" related to the 2023–2024 school year pursuant to 20 U.S.C. § 1415(j) of the IDEA. ECF No. 7 at 1.

I.  **Statutory Framework**

Under the IDEA, states receiving federal special education funding are required to provide free appropriate public education ("FAPE") to children with disabilities. 20 U.S.C. § 1400(d)(1)(A); *see also T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014). To provide a FAPE to each student with a disability, a school district must develop an individualized education program ("IEP") that is "reasonably calculated to enable the child to receive educational benefits." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) (quoting *T.M. ex rel. A.M.*, 752 F.3d at 151).

"The IDEA also requires states to provide an administrative procedure for parents to challenge the adequacy of their children's IEPs." *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023) (citing 20 U.S.C. § 1415(b)(6)). New York has implemented a two-tier system of administrative review. N.Y. Educ. Law § 4404; *see also Ventura de Paulino*, 959 F.3d at 526. In the first tier, a parent can file an administrative due process complaint ("DPC") challenging the IEP and requesting a hearing before an impartial hearing officer ("IHO"). *Ventura de Paulino*, 959 F.3d at 526. In the second tier, parties aggrieved by the IHOs can appeal their decision to a state review officer ("SRO"). *Id.*; *see also R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012). "Once the state review officer makes a final decision, the aggrieved party may seek judicial review of that decision in a state or federal trial court." *Ventura de Paulino*, 959 F.3d at 526.

Section 1415(j) of the IDEA, also known as the "stay-put" or "pendency" provision, provides that "while the administrative and judicial proceedings are pending and unless the school district and the parents agree otherwise, a child must remain, at public expense, in his or her then-current educational placement." *Id*. "The purpose of this provision is 'to maintain the [child's] educational status quo while the parties' dispute is being resolved.'" *Abrams v. Porter*,

No. 20-3899-CV, 2021 WL 5829762, at *1 (2d Cir. Dec. 9, 2021) (quoting *T.M. ex rel. A.M.*, 752 F.3d at 152). "[A] school district is required to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 659 (2d Cir. 2020) (internal quotation marks omitted).

Although the stay-put provision entitles a student to remain at their current educational placement, the New York City Department of Education ("DOE") may dispute what constitutes the last agreed upon placement. *See e.g. Ventura de Paulino*, 959 F.3d at 533 (finding that DOE was not obligated to fund students' placements where parents unilaterally enrolled students in new school that DOE did not approve); *Zvi D. v. Ambach,* 694 F.2d 904, 908 (2d Cir.1982) (holding that plaintiff-parent was not entitled to reimbursement from DOE where DOE explicitly limited student's "current educational placement" to a specific school year). Thus, until a pendency determination confirming a student's placement is issued, DOE is not obligated to fund that student's tuition or related services. *See Mendez*, 65 F.4th at 60; *Ventura de Paulino*, 959 F.3d at 532.

II. **Factual Background**

Plaintiffs are the parents and natural guardians of seven minor children ("Student-Plaintiffs"), each of whom suffers from a brain injury that affects their education abilities and performance. Compl. ¶ 5. On July 5, 2023, each Plaintiff filed a DPC against DOE alleging that DOE failed to provide their child with a FAPE. *Id.* ¶¶ 40, 56, 71, 85, 102, 117, 130. According to Plaintiffs, the Student-Plaintiffs all have a decision or order from an IHO or SRO establishing iBRAIN as their last agreed-upon placement for the pendency of the Due Process Proceedings

3

for the 2023–2024 school year. *Id.* ¶¶ 41, 57, 72, 86, 103, 118, 131. Each Student-Plaintiff currently attends iBRAIN. *Id.* ¶ 136.

On July 6, 2023, Plaintiffs brought the instant action against DOE seeking an order declaring iBRAIN as the students' pendency placement under Section 1415(j) for the 2023–2024 school year and requiring DOE to fund tuition at iBRAIN and any related services. *Id.* at 15. On July 12, 2023, Plaintiffs filed a Motion for Declaratory Judgement and Pendency Order/ Automatic Injunction seeking the same relief sought in the Complaint. ECF No. 6.

DOE has provided the Court with periodic updates on the pendency determinations of Student-Plaintiffs. Per DOE's August 11, 2023 update, a pendency order was issued for Student-Plaintiff M.C., confirming iBRAIN as M.C.'s pendency placement. *See* ECF No. 17. According to the Declaration of Michael Pantalony, filed in support of Defendants' Motion to Dismiss, as of August 22, 2023, DOE acknowledged iBRAIN as the pendency placement for E.R., Y.N., L.V. and S.C. and stated that payments for those placements "will be authorized and processed in the normal course of business." *See* ECF No. 20 at 2–5. Finally, per DOE's September 8, 2023 update, A.F. received a pendency order confirming iBRAIN as their pendency placement. *See* ECF No. 22.

On September 25, 2023, counsel for Plaintiffs filed a letter with the Court discussing the status of each Student-Plaintiff. ECF No. 23. Counsel did not contest that each of the Student-Plaintiffs is attending iBRAIN. *Id.* On October 4, 2023, DOE responded to Plaintiffs' letter and confirmed that "every student plaintiff has received the pendency determinations they sought." ECF No. 24 at 2. On October 12, 2023, counsel for Plaintiffs filed another letter, this time stating that DOE's failure to fund A.F.'s transportation services has jeopardized her placement at iBRAIN. ECF No. 25 at 2.

## LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The federal courts are courts of limited jurisdiction, their powers circumscribed at their most basic level by the terms of Article III of the Constitution, which states that they may hear only 'Cases' or 'Controversies.'" *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001) "[A]t all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Id.* at 118–19. If a live controversy no longer exists, the case becomes moot and a district court no longer "has subject-matter jurisdiction because any ruling or judgment issued without [a live controversy] would be hypothetical in nature." *F.O. v. N.Y.C. Dep't of Educ.*, 899 F. Supp. 2d 251, 254 (S.D.N.Y. 2012).

"In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint, but is not to draw inferences from the complaint favorable to plaintiffs." *Cruz v. N.Y.C. Dep't of Educ.*, No. 19-CV-856 (PGG), 2020 WL 1322511, at *6 (S.D.N.Y. Mar. 20, 2020) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247, 130 S. Ct. 2869 (2010) (citing *Makarova,* 201 F.3d at 113). "Where, as here, the defendant moves for dismissal under Rule 12(b)(1) . . . as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Cruz*,

2020 WL 1322511, at *6 (quoting *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

## DISCUSSION

This case is moot as each of the Student-Plaintiffs has received confirmation from DOE that iBRAIN is their pendency placement. "Under the doctrine of mootness, the plaintiff's 'personal stake' in the outcome of the litigation 'must be extant at all stages of review, not merely at the time the complaint is filed.'" *Stagg. P.C. v. U.S. Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020) (quoting *United States v. Sanchez-Gomez*, 584 U.S. ----, 138 S. Ct. 1532, 1537 (2018)). "When the plaintiff no longer has a legally cognizable interest in the outcome of the action, the case becomes moot and is no longer a 'case' or 'controversy' for the purposes of Article III." *Id.* "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Here, Student-Plaintiffs M.C., E.R., Y.N., L.V., S.C, A.F. and A.C. each received the exact relief they requested – a determination finding iBRAIN as their pendency program. *See M.S. ex rel. M.S. v. N.Y.C. Dep't of Educ.*, 734 F. Supp. 2d 271, 273 (E.D.N.Y. 2010) (dismissing matter as moot where "[p]laintiff has received exactly the kind of educational placement . . . that he sought."). And counsel for Plaintiffs admitted during an August 1, 2023 conference before the Court that the claims related to students who received the requested relief were moot. Accordingly, the relief they seek has already been provided, and their claims are moot.

Plaintiffs' October 12, 2023 update regarding DOE's failure to fund A.F.'s transportation services does not revive A.F.'s claim in this action. Though Plaintiff may be able establish that DOE's delay in paying A.F.'s transportation costs has jeopardized their placement at iBRAIN,

such a claim must be brought in a separate action as A.F. has already received the relief they requested in this action. *See Mendez* 65 F.4th at 63.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint is GRANTED and Plaintiffs' Motion for Declaratory Relief is DENIED.

Dated: October 12, 2023
       New York, New York

                                      SO ORDERED.

*Jessica Clarke*

                                      JESSICA G. L. CLARKE
                                      United States District Judge